Filed 11/26/14  P. v. Phipps CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN WILLIAM PHIPPS,<br><br>    Defendant and Appellant. | A141179<br><br>(Lake County<br>Super. Ct. No. CR921777) |

Defendant Stephen William Phipps appeals from his conviction and resulting sentence.  The conviction followed defendant's no contest plea to one count of felonious driving while under the influence of a drug with injury (Veh. Code, § 23153, subd. (a)), and his admission to personally inflicting great bodily injury upon two individuals within the meaning of Penal Code section 12022.7, subdivision (a).  Defendant also admitted a September 2000 prior conviction for driving under the influence.  (Veh. Code, § 23152, subd. (b).)

Defendant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that defendant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Defendant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  Defendant filed a supplemental brief alleging ineffective assistance of counsel, and various "errors" in the handling of his case.

1

We note that defendant has not obtained a certificate of probable cause, which is required by Penal Code section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea. A certificate is not required when the notice of appeal states, as defendant's does here, that the appeal is based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude that there is no arguable issue on appeal.

### Procedural and Material Factual Background of Case

Defendant was charged in a first amended information dated March 29, 2012, with one count each of felonious driving while under the influence of a drug with injury (Veh. Code, § 23153, subd. (a)), felonious possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and misdemeanor possession of more than one ounce of marijuana (Health & Saf. Code, § 11357, subd. (c)). As to the charge of driving under the influence, it was also alleged that defendant had suffered a prior misdemeanor violation of Vehicle Code section 23152, subdivision (b), and that he inflicted great bodily injury as to three individuals. (Pen. Code, § 12022.7, subd. (a).)

On June 18, 2013, defendant entered a plea of nolo contendere to felonious driving while under the influence of a drug with injury (Veh. Code, § 23153, subd. (a)), admitted the prior conviction, and admitted two of the three great bodily injury allegations. In doing so, defendant voluntarily and knowingly waived his constitutional protections and rights with regard to the charge, including a recognition that he faced a maximum of nine years in state prison in connection with the plea. In return, the prosecutor, with *Harvey* waivers,[1] dismissed all other charges.

_____

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

At sentencing on February 19, 2014, defendant was placed on supervised probation for five years with conditions imposed as recorded in the record.

## Conclusions Based Upon Independent Record Review

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition, or during the numerous proceedings following that plea and conviction. The fines, penalties, and conditions of probation imposed were supported by the law and facts. At all times defendant was represented by counsel.

## DISPOSITION

The judgment is affirmed.

_____
Bolanos, J.*

We concur:


_____
Ruvolo, P.J.


_____
Rivera, J.


* Judge of the San Francisco City and County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.